Haight, J.
On the 4th day of August, 1885, Jacob Beehler and others presented a petition to the Erie county court in which they stated that they were owners of certain low lands or swamps situated in the town of Hamburg, and that the swamps or low lands should be drained by the construction of a ditch, the outlet of which should be the Eighteen Mile creek; that it was their belief that the construction of a ditch so as to drain the low lands would increase their value and would conduce to the general health of the citizens in the immediate vicinity, and to the general good health of the citizens of the village of Hamburg. They prayed for the appointment of commissioners to ascertain whether it was necessary that a ditch to drain the lands should be constructed, and whether it was necessary for the public health that the lands should be drained. Thereupon the county court made an order appointing three commissioners, who subsequently took the oath of office required by statute and entered upon the discharge of them duties as such.
Motion was subsequently made to the county court by and on behalf of Nicholas Richter and nine others, land owners, to have the order appointing commissioners set aside and vacated, and all subsequent proceedings had thereunder, upon the grounds that the orders were irregularly granted:
First. That the petition and affidavits upon which they were founded were void for uncertainty.
Second. That the appointment was not asked by interested parties.
Third. That there was no evidence that the commissioners appointed were freeholders.
Fourth. That the commissioners did not take a proper oath of office before a proper officer, and also upon the merits.
It is now contended _ that the petition does not show where the proposed drains start or where they terminate; that it does not show what kind or number of drains are contemplated; that the order appointing the commmissioners is void because there was no evidence before the county judge that they were freeholders.
The statute under which these proceedings were instituted provides as follows: “Any person or persons owning or possessing any swamp, bog, meadow or other low or wet lands within this state, who shall be desirous to drain *488 the same, and who shall deem it necessary in order thereto that a ditch or ditches, or other channels for the passage of water, shall be opened through lands belonging to any other person or persons, and any person or persons who shall deem it necessary for the public health that any such swamp, bog, meadow or other low or wet lands shall be drained, may present a petition duly verified to the county court of the county in which such lands he * * * setting forth the fact, and the names of the owners of all lands to-be affected by the proceedings and praying for the appointment of three commissioners for the purposes and with the powers hereinafter set forth. * * * The bounty court-to whom such application is made, if satisfied that such, drainage is necessary, shall thereupon appoint and commission three persons who shall be freeholders in the county or counties where the lands are situated, and who shall not be interested in said lands, nor in any of them, and one of whom shall be a civil engineer or surveyor, if there be one within the county, to hear and determine, First, whether it is necessary, in order to drain such lands, that a ditch or ditches, or other. channels for the free passage of water, shall be opened through lands belonging to others ; second, whether it is necessary for the public health that such lands shall be drained, and to take such other and further steps with reference thereto as are hereinafter provided for.” 3 E. S. (7th ed.), 2448.
It will be observed that there is nothing in the statute requiring the petition to state where the proposed drain shall start from, or where it shall terminate, or that it shall specify the number or kinds of drains contemplated. Consequently the petition is not void, because it omits to show those facts. It is sufficient if the petitioners show that they are the owner or owners of any swamp, bog, meadow or other low or wet lands, and that such drainage is necessary for the public health. Neither does the statute require that notice should be given to other landowners who may be affected by the construction of a ditch of the application to the court for the appointment of the commissioners. The proceedings are instituted by the presenting of the petition to the court; the court, if satisfied that, the drainage is necessary, appoints the commissioners, who-are required to be freeholders, residing in the county or counties wherein the lands are situated, one of whom shall be a civil engineer or surveyor. The commissioners are to-be selected by the court. The court in making its selection is required to select freeholders. No evidence is required to-be presented to the court before the appointment is made, showing who are or who are not freeholders, but the court, must ascertain and determine this fact in its own way, and *489 should it appoint any person not a freeholder, the appointment would be set aside and vacated upon motion when that fact was made to appear.
The statute requires that the commissioners, before they enter upon the duties of their office, shall make and file an oath to the effect that they will faithfully discharge the duties of their office according to the best of their knowledge and ability. Such an oath was made and filed in this case. It was sworn to before Fayette Kelly, a notary public. It does not appear that Fayette Kelly had prior to this time been acting as the attorney for any of the parties instituting the proceedings. There consequently was no objection to his administering the oath as notary public. After the commissioners had taken their oath of office, it became their duty to give notice to the petitioners and all parties named in the petition of the time when they will proceed to view the lands and determine whether it is necessary that a ditch or other channel for the free passage of water should be opened, and also whether it is necessary for the public health that such lands should be drained. All parties interested are then given a right to be heard. It is possible that some of the proceedings before the commissioners were irregular, but their proceedings are not now properly before this court for review. If irregularities should be discovered in their proceedings, the statute has. provided a remedy, and it would not necessarily involve the vacating of the order appointing them.
The statute requires the petition to set forth the names of the owners of all lands to be affected by the proceedings. Among the fist of owners set out in the petition appear the-“Heirs of E. Schitl,” and the “ Heirs of Edmund Stevens.” The names of the heirs do not appear to have been given. It is possible that the petition is defective in this particular, but we do not regard it as such defect as to necessarily invalidate the whole proceeding. No motion to vacate was-made upon these grounds. Had it been, the respondents-' might have been able to show that these heirs were actually served with notice of the- proceedings before the commissioners, and that they appeared therein and become bound by the proceedings. It also appears that some of the proofs of service of notices are defective in this regard, the notice stating that it was served upon the heirs, etc., without giving their names. But under the statute all proceedings under the commissioners are reviewed by an appeal to the county court. No such appeal has as yet been taken, and consequently the proceedings under the commissioners are not now properly before the court. The order appointing-them being regular, the county court properly disposed of *490 the motion and the order should be affirmed with ten dollars costs and disbursements.
So ordered.
Smith, P. J., Barker and Brady,' JJ., concurred.